STATE OF NEBRASKA, EX REL. NELSON C. BROCK, V. EUGENE MOORE, AUDITOR OF PUBLIC ACCOUNTS.

FILED JUNE 6, 1893.   No. 6171.

**Appropriations for Current Expenses of State : ACT CONSTRUED.** The title of house roll No. 207, passed and approved April 10, 1893, is as follows: "An act making appropriation for the current expenses of the state government for the years ending March 31, 1894, and March 31, 1895, and to pay miscellaneous items of indebtedness owing by the state of Nebraska." Section 1 of said act provided: "That the following sums of money, or so much thereof as may be necessary, are hereby appropriated out of any money in the treasury not otherwise appropriated, for the payment of the current expenses of the state government for the years ending March 31, 1894, and March 31, 1895, and to pay miscellaneous items of indebtedness owing by the state of Nebraska. * * * Miscellaneous : * * * Arrest and return of fugitives from justice, rewards offered, officers' fees and mileage for conveying prisoners to and from the penitentiary, and juvenile offenders to the industrial schools at Kearney and Geneva, $20,000." *Held,* That no part of this sum was appropriated for the payment of indebtedness owing by the state for "arrest and return of fugitives or for officers' fees and mileage for conveying prisoners to and from the penitentiary," unless such indebtedness was incurred after March 31, 1893.

ORIGINAL application for *mandamus.*

*Field & Holmes,* for relator.

*W. S. Summers, Deputy and Acting Attorney General,* contra.

RAGAN, C.

This is an application for a writ of *mandamus.* The petition alleges:

1. That one Boyd, the sheriff of Otoe county, on the 4th day of July, 1892, conveyed from Nebraska City certain named persons (who had been tried, convicted, and

sentenced by the district court of said county) to the penitentiary at Lincoln; that in so doing said Boyd incurred $53.30 expenses.

2. That one Eugene A. Hall was duly appointed to arrest and return one Peterson, a fugitive from justice, charged with a crime in Box Butte county, and that said Hall did arrest said Peterson in the state of South Dakota, and return him to said Box Butte county, and in performing said arrest incurred expense in the sum of $49.75, the account for which had been duly presented to, approved, and allowed by the governor, and ordered paid out of the funds for the return of fugitives; that both said claims have been assigned to and are now owned by the relator; that the accounts had been presented to the auditor, the respondent, and the demand made that he draw warrants for the same on the treasury and his refusal so to do; that by an act of the legislature approved on the 8th day of April, 1893, there was appropriated by the legislature the sum of $20,000 for the purpose of meeting and paying the claims of relator and others similarly situated; and that there is now in the hands of the state treasurer ample and sufficient funds to pay all claims held by the relator.

The act referred to is house roll No. 207, the title of which is as follows: "An act making appropriation for the current expenses of the state goverment for the years ending March 31, 1894, and March 31, 1895, and to pay miscellaneous items of indebtedness owing by the state of Nebraska." Section 1 of said act is as follows: "That the following sums of money, or so much thereof as may be necessary, are hereby appropriated out of any money in the treasury not otherwise appropriated, for the payment of the current expenses of the state government for the years ending March 31, 1894, and March 31, 1895, and to pay miscellaneous items of indebtedness owing by the state of Nebraska." * * * The purposes of this act, as expressed in its title, are, first, to pay the current expenses

State, ex rel. Brock, v. Moore.

of the state government for the years ending March 31, 1894, and March 31, 1895; second, to pay miscellaneous items of indebtedness owing by the state.

It will be observed that the claim of relator is for indebtedness of the state contracted prior to April 1, 1893. The question then is whether the claim of relator is one of the miscellaneous items of indebtedness provided for in the act.  In said section 1, under the title "miscellaneous" occurs this: "Arrest and return of fugitives from justice, rewards offered, officers' fees, and mileage for conveying prisoners to and from the penitentiary, and juvenile offenders to the industrial schools at Kearney and Geneva, $20,000." It is claimed by the relator that this clause appropriates $20,000 for the payment of any indebtedness owing by the state for the purposes therein mentioned, whether the same was incurred before or after April 1, 1893.  We are unable to agree to this.  Our construction is that no money was appropriated by this law to pay any items of miscellaneous indebtedness contracted prior to April 1, 1893, except such items as are specifically mentioned in the act.

It is not claimed that there is any other appropriation in this act from which the claims of the relator can be paid, and as the claim of relator is not one of the miscellaneous items specifically named for payment out of the appropriation the writ must be denied.

WRIT DENIED.

THE other commissioners concur.